## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Karyn Price
Lake County Juvenile Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Molly M. McCann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.M.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | October 30, 2020<br><br>Court of Appeals Case No.<br>20A-JV-1138<br><br>Appeal from the Lake Superior<br>Court<br><br>The Honorable Thomas P. Stefaniak,<br>Jr., Judge<br><br>The Honorable Jeffrey Miller,<br>Magistrate<br><br>Trial Court Cause No.<br>45D06-2002-JD-97 |

**Bailey, Judge.**

# Case Summary

J.M. appeals a juvenile dispositional order awarding his custody to the Indiana Department of Correction ("the DOC"). He presents the sole issue of whether the juvenile court abused its discretion in its placement selection. We affirm.

# Facts and Procedural History

On February 24, 2020, seventeen-year-old J.M. and three companions stole cellular phones from two stores in Lake County, Indiana. The group fled in a vehicle and officers gave chase. When the vehicle crashed, its occupants, including J.M., fled on foot. J.M. was caught and detained; on the following day, the State alleged him to be a juvenile delinquent for having committed acts that would be Robbery[1] and Theft[2] if committed by an adult.

On May 5, 2020, J.M. appeared in court and admitted to being a delinquent child for having committed two acts that would be Theft if committed by an adult. J.M. requested that he be allowed to remain in juvenile detention in Indiana until his eighteenth birthday, at which time he would be returned to the State of Illinois in connection with juvenile proceedings there. Over J.M.'s objection, the juvenile court admitted into evidence J.M.'s psychological evaluation, which included a recommendation that J.M. be placed in the DOC.

---

[1] Ind. Code § 35-42-4-1.

[2] I.C. § 35-43-4-2.

The State of Indiana also recommended DOC placement, based upon J.M.'s frequent contacts and lack of success with the Illinois and Indiana juvenile systems. On May 13, 2020, the juvenile court entered a written dispositional order awarding custody of J.M. to the DOC. J.M. now appeals.

## Discussion and Decision

[4] J.M. argues that continuation in juvenile detention would have been the least restrictive and best option for him, and that the juvenile court abused its discretion by instead ordering wardship to the DOC. According to J.M., his placement in a remote DOC facility decreased parental participation by his mother, an Illinois resident.

[5] Indiana Code Section 31-37-18-6 provides that:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
> > (A) in the least restrictive (most family like) and most appropriate setting available; and
>
> > (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian;

(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

[6] The foregoing statute recognizes that in certain situations the best interest of the child is better served by a more restrictive placement. *J.S. v. State*, 881 N.E.2d 26, 29 (Ind. Ct. App. 2008). "The specific disposition of a delinquent is within the juvenile court's discretion, to be guided by the following considerations: the safety of the community, the best interests of the child, the least restrictive alternative, family autonomy and life, freedom of the child, and the freedom and participation of the parent, guardian, or custodian." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006). We will reverse the disposition only for an abuse of discretion, that is, a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

[7] In this case, the juvenile court had ordered a psychological evaluation of J.M. The evaluator "strongly recommended" DOC placement because of J.M.'s need for "the highest structure and consistency available" and "access to treatment." (Exhibits at 16-17.) According to the history provided by J.M. in the course of the evaluation, he had experienced several traumatic events and

suffered from post-traumatic stress disorder. He had frequently abused drugs and alcohol and had earned very few school credits.

[8] J.M. had been subject to six juvenile adjudications in the states of Illinois and Indiana. Most seriously, he had admitted to committing an act in Illinois that would have been Aggravated Vehicle Hijacking if committed by an adult. He also admitted to unlawful use of weapons and theft.[3] J.M. had failed to positively respond to prior opportunities for rehabilitation. He was on probation in Illinois when the instant events occurred. He had been placed in a Job Corps program but left that program without permission. He was ordered to appear at a juvenile court hearing in Illinois; when he failed to appear, a warrant was issued for his arrest. In light of J.M.'s significant juvenile history, violation of probation, active warrant for failure to appear, and his need for treatment best provided in a structured facility, we cannot say that the juvenile court abused its discretion.

# Conclusion

[9] J.M. has not demonstrated an abuse of the juvenile court's discretion.

[10] Affirmed.

Vaidik, J., and Weissmann, J., concur.

---

[3] Although the State of Illinois had twice alleged that J.M. committed an act that would be Aggravated Battery, if committed by an adult, the State declined to pursue those allegations.